UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH COOKSON,<br><br>    Plaintiff<br><br>V.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON AND JONES LANG LASALLE AMERICAS, INC. LONG TERM DISABILITY PLAN<br><br>    Defendant | |

## COMPLAINT

1. Plaintiff, Joseph Cookson ("Mr. Cookson"), brings this action against the Defendants, Lincoln Life Assurance Company of Boston ("Lincoln"), and Jones Lang LaSalle Americas, Inc. Long Term Disability Plan ("Plan"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA"). Mr. Cookson is a participant in an ERISA welfare benefit plan insured and administered by Lincoln.

2. Mr. Cookson is filing this action to 1) recover long-term disability ("LTD") benefits due to him under the Plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs, and attorney's fees.

3. Mr. Cookson challenges the Defendants': 1) unreasonable and unlawful denial of his LTD benefits despite the substantial medical and vocational evidence demonstrating his

qualifications for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Mr. Cookson's disability in an effort to limit Defendants' financial exposure for Mr. Cookson's claim; 3) failure to provide Mr. Cookson with a full and fair review of his claim for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a fair decision on the merits of Mr. Cookson's claim.

## PARTIES

4. Mr. Cookson is a resident of Charlestown, Massachusetts. Mr. Cookson is a vested participant in his employer-sponsored employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Mr. Cookson has standing to bring this action under 29 U.S.C. § 1132(a).

5. The Defendant, Lincoln, is a for-profit corporation with its principal place of business at 175 Berkeley Street, Boston, MA 02117. Lincoln is licensed to do business in Massachusetts and Lincoln is the party responsible for processing claims made under the Plan and making a final determination as to Mr. Cookson's eligibility for benefits.

6. At all times relevant to the claims asserted in this complaint, Lincoln purported to act as an ERISA claims fiduciary with respect to participants of the Plan generally, and specifically with respect to Mr. Cookson, within the meaning of ERISA.

7. The LTD plan under which Mr. Cookson is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**<u>Relevant Plan Terms.</u>**

8. As an employee of Jones Lang LaSalle Americas, Inc., Mr. Cookson was eligible for LTD coverage under a contract of insurance issued by Lincoln Life Assurance Company of Boston to Jones Lang LaSalle Americas, Inc, Policy #GF3-840-441471-01.

9. Mr. Cookson's coverage under the Plan began on or about September 9, 2015, his date of hire with Jones Lang LaSalle Americas, Inc.

10. The Plan contains no provision giving independent and final discretion to Lincoln to determine eligibility for benefits or interpret the terms of the Plan.

11. The Plan provision defining Disability states:

    i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

    ii. thereafter, the Covered Person is unable to perform with reasonable continuity, the Material and Substantial Duties of Any Occupation.

12. The Plan provision defining Material and Substantial Duties states:

    Means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.

13. The Plan provision defining Own Occupation states:

    Means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purpose of determining Disability under this policy, Lincoln will consider the Covered Person's occupation as it is normally performed in the national economy.

14. Mr. Cookson meets the standard for total disability under the Plan and is eligible for LTD benefits under the terms of the Plan.

15. Neither the Plan nor Lincoln has any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

**Mr. Cookson's Occupation and Claim for LTD Benefits.**

16. Mr. Cookson's occupation at Jones Lang LaSalle Americas, Inc. was as Vice President of Hotel Investment Sales.

17. Mr. Cookson's occupation necessitated the ability to simultaneously manage all aspects of multiple, highly detailed hotel disposition processes. He was required to synthesize significant amounts of complex financial data, articulate complex financial concepts to potential investors and extensively travel around the country to conduct property tours.

18. Mr. Cookson began having significant symptoms including persistent disorientation, disequilibrium, and dizziness, often exacerbated by computer use. He had difficulty reading, as well as brain fog and fatigue.

16. Throughout 2019, Mr. Cookson searched for appropriate medical treatment for his symptoms.

17. Mr. Cookson's symptoms interfered with his ability to perform his occupation and he stopped working on September 27, 2019.

**Lincoln's Review of Mr. Cookson's Disability**

18. Mr. Cookson applied for and was granted STD benefits from Lincoln effective September 28, 2019.

4

19. Lincoln continued to certify Mr. Cookson's inability to perform his occupation and paid him STD benefits through April 1, 2020.

20. Because he was not capable of returning to work due to continued symptoms, Mr. Cookson applied to Lincoln for LTD benefits.

21. In correspondence dated April 15, 2020, Lincoln denied Mr. Cookson's claim for LTD benefits.

22. In denying Mr. Cookson LTD benefits, Lincoln relied upon medical peer review reports and concluded that Mr. Cookson had no medically supported restrictions and limitations to prevent him from performing his occupation.

**Mr. Cookson's Appeal to Lincoln**

23. By correspondence dated October 9, 2020, Mr. Cookson filed an appeal of Lincoln's decision to deny his claim for LTD benefits.

24. On October 15, 2020, Mr. Cookson submitted documentation to Lincoln in support of his appeal including medical treatment notes and narrative statements detailing his ongoing symptoms and limitations.

25. With his appeal, Mr. Cookson submitted to Lincoln medical documentation from Donna Felsenstein, MD. Dr. Felsenstein is Board Certified in Internal Medicine and Infectious Diseases and is an Assistant Professor of Medicine at Harvard Medical School.

26. On February 2, 2020, Dr. Felsenstein evaluated Mr. Cookson and determined that he had positive blood serologies for Borrelia Miyamotoi, a tick-borne illness.

27. On October 6, 2020, Dr. Felsenstein wrote a narrative statement regarding Mr. Cookson's symptoms and limitations, explaining: "Your symptoms of fatigue, post exertional malaise, and cognitive difficulties for more than 6 months would meet the IOM definition

of Myalgic Encephalomyelitis/Chronic fatigue syndrome (ME/CFS). The etiology of ME/CFS is not known, though it is postulated that in some patients it may be due to a previous infection and ME/CFS may represent a post viral or post infectious process. The exact cause is not known."

**Lincoln's Review of Mr. Cookson's Appeal**

28. By letter dated December 11, 2020, Lincoln sent Mr. Cookson peer review reports conducted at Lincoln's request by Armando Meza MD and Sarah Ghebrendrias, MD.

29. By correspondence dated January 21, 2021, Mr. Cookson submitted to Lincoln his response to Lincoln's peer reviews.

30. With his January 21, 2021 correspondence, Mr. Cookson submitted office treatment notes from Dr. Felsenstein along with a narrative and treatment note from William V. Padula, OD, SFNAP, FAAO, FNORA.

31. Dr. Padula's narrative report dated December 30, 2021 explained in detail that through his testing of Mr. Cookson, he determined that Mr. Cookson has a spatial visual processing dysfunction that results in his symptoms and limitations. Dr. Padula concluded that given Mr. Cookson's visual processing disorder, he cannot sustain near vision activities without producing debilitating symptoms.

32. By correspondence dated March 16, 2021, Lincoln denied Mr. Cookson's appeal.

33. Lincoln explained in its correspondence dated March 16, 2021 that it relied upon the opinion of Dr. Rod Rod Forrozan in determining that Mr. Cookson could perform his own occupation.

34. Lincoln did not send a copy of Dr. Forrozan's peer review to Mr. Cookson prior to denying his appeal on March 16, 2021.

35. Lincoln did not offer Mr. Cookson an opportunity to review and respond to Dr. Forrozan's medical peer review report prior to denying his appeal.

**Summary of Defendants' Review of Mr. Cookson's Claim.**

36. Mr. Cookson has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

37. Mr. Cookson's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

38. The Defendants arbitrarily dismissed the medical evidence of Mr. Cookson's functional limitations documenting Mr. Cookson's inability to perform the duties of his Own Occupation.

39. Lincoln failed to conduct an adequate vocational analysis of Mr. Cookson's occupation.

40. Lincoln was motivated by its own financial interest in its denial of Mr. Cookson's LTD benefits.

41. The Defendant failed to provide Mr. Cookson with a full and fair review of his claim for LTD benefits.

42. Lincoln failed to respond to Mr. Cookson's attempts to engage in a meaningful dialogue regarding the evaluation of his claim and submission of Dr. Padula's medical opinion.

43. Lincoln failed to offer Mr. Cookson the opportunity to review and respond to medical peer review reports conducted by Lincoln during its review of his appeal despite the same being required to be disclosed pursuant to ERISA regulations.

44. Due to the unlawful denial of LTD benefits under ERISA, Mr. Cookson has lost his rightful LTD benefits. He has also suffered emotional distress because of the Defendants' actions.

45. Due to the unlawful denial of benefits under ERISA, Mr. Cookson has also lost the use of his LTD benefits.

## FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan Action for Unpaid Benefits)

46. Mr. Cookson re-alleges each of the paragraphs above as if fully set forth herein.

47. The Plan is a contract.

48. Mr. Cookson has performed all his obligations under the contract.

49. 29 U.S.C. § 1132(a) states that:

    (a) A civil action may be brought ---

    1. by a participant or beneficiary –

        A. for the relief provided for in subsection (c) of this section, or

        B. to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

50. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

51. The Defendants unlawfully denied Mr. Cookson's benefits in part by: (1) dismissing without explanation, the evidence supporting Mr. Cookson's disability and claim for LTD benefits; and 2) denying Mr. Cookson a full and fair review of its decision to terminate his benefits.

52. In accordance with 29 U.S.C. §1132, Mr. Cookson is entitled to LTD benefits based upon his disability status since September 28, 2019 to the present and continuing until he is no longer disabled.

53. The Defendants have refused to provide Mr. Cookson with his disability benefits and therefore are in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

54. As a direct and proximate result of this breach, Mr. Cookson has lost the principal and the use of his rightful disability benefits.

### SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)

55. Mr. Cookson re-alleges each of the paragraphs above as if fully set forth herein.

56. Under the standards applicable to ERISA, Mr. Cookson deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

57. Defendant Lincoln has the ability to satisfy the award.

58. Mr. Cookson's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

59. Defendant Lincoln has acted in bad faith in denying Mr. Cookson's disability benefits under the Plan.

60. The award of attorney's fees against the Defendant Lincoln will deter others acting under similar circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Mr. Cookson is entitled to disability benefits as calculated under the terms of the Plan;

9

(2) Award Mr. Cookson disability benefits and interest from the date of the Defendants' breach of contract;

(3) Order that the Defendants make restitution to Mr. Cookson in the amount of all losses sustained by Mr. Cookson as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4) Award Mr. Cookson the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the court deems just and reasonable.

Date: May 20, 2021                    Respectfully submitted for the Plaintiff,

By:    /s/ *M. Katherine Sullivan*
M. Katherine Sullivan
BBO No. 649239
LAW OFFICE OF KATHERINE SULLIVAN, LLC
945 Concord Street
Framingham, MA 01701
T: 508-620-5387
F: 508-834-1172
E: kate@sullivandisabilitylaw.com